UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL RICHARDSON                                                  CIVIL ACTION

VERSUS                                                                       NO. 13-5415

BNSF RAILWAY COMPANY                                          SECTION "K"(2)

## ORDER AND REASONS

Before the Court is the "Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)" filed on behalf of defendant BNSF Railway Company ("BNSF") (Rec. Doc. 9). Having reviewed the pleadings, memoranda filed, and the relevant law, the Court, for the reasons assigned, **DENIES** the motion to dismiss to the extent it seeks to dismiss plaintiff's negligence *per se* claim as a matter of law.

**Background**

Plaintiff Michael Richardson was employed by BNSF in its transportation department as a trainman and was assigned to work in Avondale, Louisiana. While working there, on July 9, 2013, Mr. Richardson was walking in the track-side area performing his trainman duties when he stepped in a hole and injured his back "and other parts of his body." (Doc. 1., Complaint at ¶ 6).

Plaintiff contends that his claims against BNSF arise under the provisions of the Federal Employers' Liability Act, 45 U.S.C. § 51 and seeks compensation thereunder. Moreover, he

1

contends that BNSF's violation of federal safety statues and regulations including, but not limit to, 49 C.F.R. § 213 and its statutory and regulatory violations amount to negligence as a matter of law pursuant to 45 U.S.C. § 53-54a. (Doc. 1, Complaint, ¶ 9).  BNSF filed the instant motion seeking the dismissal of these allegations contained in Count II of plaintiff's Complaint.

**Standard for Motion to Dismiss**

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is to be evaluated only on the pleadings: however, a complaint sought to be dismissed under Rule 12(b) may generally be amended to cure its deficiencies.  *Jackson v. Procunier*, 789 F.2d 307 (5th Cir.1986).  In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 554, ----, 127 S. Ct. 1955, 1969 (2007) the Supreme Court "retired" the *Conley v. Gibson*, 355 U.S. 41, 45-46, 78, S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957), standard for analyzing a motion to dismiss under Rule 12(b)(6) which held that a district court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Noting that the *Conley* pleading standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard," the Supreme Court announced that "one a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Id*. at ----, -----, 172 S.Ct. at 1969. In considering a Rule 12(b)(6) motion, the complaint must be liberally construed in favor of plaintiff and all facts pleaded in the original complaint must be taken as true.  *Campbell v. Wells Fargo Bank*, *N.A.*, 781 F2d 440, 442 (5th Cir. 1980)**.**

**Analysis**

Plaintiff alleges BNSF violated 49 C.F.R. § 213 which amounts to "negligence as a matter of law."  BNSF argues that while the FELA may in some instances may allow a claim of strict liability, the claim is only allowed in the case where the railroad allegedly violated a statute specifically enacted for the safety of employees.  45 U.S.C. § 53.  Defendant further contends that plaintiff bears the burden of proof showing the statute violated was "enacted for the safety of employees"[1], and if the plain language of a regulation does not expressly state that it was intended to provide for the safety of railroad employees, the intent should not be inferred.[2]

In addition, defendant relies on *Bowie v. New Orleans Public Belt Railroad*[3].  In that case, a claim was made under a similar regulation, 49 C.F.R. § 240.305 and the court found that plaintiff's claim was "not a strict liability claim as a matter of law."[4]  It reasoned that the regulation at issue was not promulgated as a concern for employee safety.

However, this Court finds persuasive the reasoning found in *Schmitz v. Canadian Pacific Railway Company*, 454 F.3d 678 (7th Cir. 2006).  There,  the United States Court of Appeals for the Seventh Circuit stated:

> In a typical negligence *per se* case, a violation of a statute can be a basis for liability when the statute is intended to protect against the specific type of harm sustained by the plaintiff, *see* RESTATEMENT (SECOND) OF TORTS § 286, but cases brought under FELA are not typical negligence *per se* cases. *Kernan v. American Dredging Co.,* 355 U.S. 426, 78 S.Ct. 394, 2 L.Ed.2d 382

---

[1] 45 U.S.C. § 53.

[2] *See, e.g., Bittinger v. CSX. Transp. Inc*. 932 A.2d 1243, 1256-57 (Md. App. 2007).

[3] 2012 WL 4344548 (E.D. La. 2012).

[4] *Id.* at *3.

(1958), which involved a seaman killed in a fire that started when a navigation regulation was violated, rejected application of typical negligence *per se* principles in FELA cases, concluding that Congress intended the statute to provide broad recovery. *Id.* at 432, 78, S.Ct. 394. The Supreme Court held in *Kernan* that when an employer governed by FELA violates a statutory or regulatory standard and its employee is injured as a result, the employer may be held liable under FELA-even if the injury is not the type against which the statute was meant to protect.

> [T]he theory of the FELA is that when the employer's conduct falls short of the high standard required of him by this Act, and his fault, in whole or in part, causes injury, liability ensues. **And this result follows whether the fault is a violation of a statutory duty or the more general duty of acting with case, for the employer owes the employee,** as much as the duty of acting with care, the duty of complying with his statutory obligations.
>
> *Id*. at 438-39, 78 S.Ct. 394.

Canadian Pacific suggests that *Kernan* is limited to FELA cases based on violations of the Safety Appliance Act or the Boiler Inspection Act, but this argument is meritless. Before *Kernan* the Supreme Court had held in cases involving the Safety Appliance Act and the Boiler Inspection Act that a violation of either statute creates liability under FELA if the violation causes injury. *Kernan* 355 U.S. at 432-33, 78 S.Ct. 494. *Kernan* did not involve a violation of either the Safety Appliance Act of the Boiler Inspection Act; the case involved a violation of a navigation regulation. *Id.* at 436, 78, S.Ct. 394. The Court in *Kernan* extended the FELA liability principles established in the Safety Appliance Act and Boiler Inspection Act line of cases, rejecting the argument that those principles should be limited to cases involving violations of those two Acts. *Id.* The Court concluded that because FELA is the basis of liability, a specific link between the type of harm sustained and the specific statute or regulation alleged to have been violated is not necessary. *Id.* at 438-39, 78 S.Ct. 394.

*Kernan* thus established a bright-line rule that a FELA employer's violation of a statutory or regulatory duty gives rise to FELA liability for a resulting employee injury, regardless of whether the statute or regulation was meant to protect against the particular harm sustained by the employee. "In a[ ] FELA action, the violation of a statute or regulation . . . automatically constitutes a breach of the employer's duty and negligence *per se* and will result in liability if the violation contributed in fact to the plaintiff injury." *Walden v. Ill. Cent. Gulf R.R.,* 975 F.2d 361, 364 (7th Cir.1992).

*Schmitz,* 454 F.3d at 682-83.

In this case, plaintiff was injured when he stepped in a hole while performing his track-side duties as a conductor for the BNSF.  His remedy against BNSF for his injuries arises out of the Federal Employees Liability Act ("FELA").  45 U.S.C. § 51, *et seq*. The plaintiff's complaint against BNSF claims negligence in Count I and in Count II FELA negligence *per se*.  The plaintiff argues that section of the FELA provides injured workers with a cause of action against the railroad for violations of statutory and regulatory duties even in the complete absence of negligence, citing the aforementioned *Kernan v. American Dredging Co.*, 355 U.S. 426 (1958).  Obviously, if a railroad employee cannot prove a violation of such a safety statute, he may establish FELA liability only by proving the traditional elements of the common-law negligence claim, namely the existence of a duty on the part of the company, breach of that duty, foreseeability, and causation.[5]

This Court notes that *Kernan* has not been overruled and does not find it appropriate to dismiss the strict liability claim on a Rule 12(b)(6) motion to dismiss.   The Court also notes that BSNF has made a preclusive or preemption argument.  The Court finds that certain facts need to be developed in order to determine whether there is in fact a connexity between a specific regulation in 49 C.F.R. § 213 with the specific injury which occurred here.  Moreover, the preemption argument specifically relates to 49 C.F.R. § 213.103.  The Court is again not inclined to grant a motion to dismiss and is of the opinion that this matter is more appropriate for a motion for summary judgment, after certain facts are developed.  The Court also notes that in the original Motion to Dismiss filed by the defendant, 49 C.F.R. § 213 was referred to in its totality, and defendant did not point to any specific section therein.  Moreover, the plaintiff likewise has

---

[5] *Marshall v. Grand Trunk Western Railroad Company*, 850 F. Supp.2d 686 (WD Michigan 2011) .

not pointed to any specific section of 49 C.F.R. § 213 in its response.  Considering that there are hundreds of provisions in this regulation, the Court will not summarily dismiss this claim.  Accordingly,

**IT IS ORDERED** that the "Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)" filed on behalf of defendant BNSF is **DENIED**.

New Orleans, Louisiana, this 28th day of January, 2014.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT JUDGE**