UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL RICHARDSON                    CIVIL ACTION

VERSUS                                NO. 13-5415

BNSF RAILWAY COMPANY                  SECTION "K" (2)

## ORDER AND REASONS ON MOTION

Plaintiff's Motion to Compel Depositions of BNSF Company Officials Kendall

Foley and Jeffrey Thurston and for Sanctions, Record Doc. No. 36, is pending before me.

The matter has been fully briefed.  Record Doc. Nos. 39, 40, 45 and 46.  Having

considered the record, the applicable law and the written submissions of counsel, **IT IS**

**ORDERED** that the motion is DISMISSED AS MOOT IN PART, GRANTED IN

PART, AND DENIED IN PART as follows.

This is a FELA personal injury case.  On September 5, 2014, plaintiff served

defendant with written notices of three depositions, set to commence consecutively at

9:00 a.m., 11:00 a.m and 1:00 p.m. on September 23, 2014, thus providing 18 days of

notice. The notices were precisely what Fed. R. Civ. P. 30(b)(1) requires for the

commencement of deposition discovery.  Two of the deponents were individual

employees of defendant, who have also been designated as "other persons who consent

to testify on its behalf" as defendant's representatives for purposes of providing

testimony as to portions of defendant's Rule 30(b)(6) deposition, Record Doc. No. 43,

which was the third deposition noticed for that date.  The date and place (defense

counsel's office) for the depositions were initially agreed upon in an email exchange between counsel before the notices were served.  Five days before the noticed date, after an exchange of disputatious emails, defense counsel canceled the depositions.

The motion is dismissed as moot insofar as it seeks an order compelling these depositions, which were rescheduled after I issued a briefing order concerning the motion that also anticipated that the depositions might still occur as noticed, Record Doc. No. 38 at p. 1, which would have rendered the motion moot.  The rescheduled depositions have now been conducted.  Record Doc. Nos. 43 and 49.

Although the reasonableness of a particular deposition notice is evaluated according to its particular circumstances, the Federal Rules of Civil Procedure indicate that anything less than 14 days will be deemed "short notice." Fed. R. Civ. P. 32(a)(5)(A). In this case, plaintiff provided 18 days of notice based upon an email exchange between counsel that established the date and place as initially agreed upon. I find that the three deposition notices were reasonable.

Whether either of the individual deponents can be characterized as defendant's "officer, director, or managing agent" for Rule 37(d)(1)(A) purposes is of no moment for present purposes.  They were both employees of defendant, which had agreed to make them available for examination and designated them to answer questions on behalf of the corporation as to certain topics listed in the Rule 30(b)(6) notice.  The three notices were scheduled in sequence on the same day, eliminating the inconvenience of requiring the

two individuals to appear twice, by what amounted to a stipulation under Fed. R. Civ. P. 29(a). Under these circumstances, the corporate defendant and its two employees were obligated to appear after being served with proper notices.

A lawyer has no authority unilaterally to cancel a deposition that is reasonably noticed in writing pursuant to Fed. R. Civ. P. 30(b)(1), which is a step only the court is empowered to take. The evidence does not support defense counsel's assertion that "there was mutual agreement to postponing the September 23 date for the 30(b)(6) deposition." Record Doc. No. 40 at p. 5. I find that no such postponement stipulation was reached. Fed. R. Civ. P. 29(a).

Although the grounds for the failure of these witnesses to appear set out in defendants' memoranda appear insufficient to establish "good cause" to support a protective order by which the court might have postponed the depositions, the proper course of action for these or any other parties aggrieved by a deposition notice or unable to appear as noticed is to file a motion to quash the notice or for a protective order under Rule 26(c) or a motion for a discovery sequencing order under Rule 26(d)(2), not simply to defy the notice and fail to appear.

In addition to the court's inherent sanction power, Rule sanctions for the failure of a party or its Rule 30(b)(6) designees to appear for a properly noticed deposition "include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)," which includes "prohibiting the disobedient party . . . from introducing designated matters into evidence" and

"striking pleadings."  Moreover, "[i]nstead of or in addition to these sanctions, the court <u>must</u> require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, <u>unless</u> the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3) (emphasis added).  In this motion, plaintiff has requested both monetary and non-monetary sanctions.  Record Doc. No. 39 at pp. 6-7.

The motion is denied insofar as it seeks the requested non-monetary sanctions. The first requested non-monetary sanction – resetting expert report deadlines – apparently will be addressed by agreement or separate motion of the parties, as they have reported directly to the presiding district judge.  Record Doc. No. 47.  The second – shifting the site of the depositions about six city blocks from defense counsel's office to plaintiff's counsel's office – is so petty as to warrant no serious consideration.  The third and fourth sanctions requested by plaintiff – precluding the testimony of the three deponents at trial or any hearing and striking defenses – are appropriately imposed only in situations involving intentional or willful misconduct or bad faith.  <u>See</u> <u>U.S. Trade</u> <u>Assn. v. Guddh</u>, 565 F. App'x 280 (5th Cir. 2014) (striking a party's pleadings); <u>Pressey</u> <u>v. Patterson</u>, 898 F.2d 1018 (5th Cir. 1990) (striking a defendant's answer); <u>Eastway</u> <u>Gen'l Hosp., Ltd. v. Eastway Women's Clinic, Inc.</u>, 737 F.2d 503 (5th Cir. 1984) (striking defenses). While defendant acted in a procedurally improper manner, with neither adequate justification nor regard for the court's role and authority in this kind of

dispute, I cannot conclude on this record that cancellation of the depositions was done

with a measure of willful bad faith that might warrant these severe sanctions.

> While the trial judge . . . has broad discretion under Rule 37(b) to fashion
> remedies suited to the misconduct, we have imposed important limitations
> on that discretion.  We have, for example, usually required a finding of bad
> faith or willful misconduct to support the severest of remedies under Rule
> 37(b) – striking pleadings or dismissal of a case. . . .   We also consider
> whether a less drastic remedy would be more tailored to the misconduct
> and therefore would better serve the purposes of Rule 37.

Pressey, 898 F.2d at 1021.  In my view, the less drastic remedy of a monetary award to

plaintiff to reimburse him for costs and reasonable attorney's fees incurred by reason of

defendant's unauthorized cancellation of reasonably noticed depositions more

appropriately fits the violation in this instance.

Accordingly, the motion is granted insofar as it seeks a monetary award.  I find

that the deponents' failure to appear was not "substantially justified" and that defendant

has not established "other circumstances [that would] make an award of expenses

unjust."  Fed. R. Civ. P. 37(d)(3).  Plaintiff has submitted evidence asserting that he

incurred 7.4 hours of attorney time and $262.14 in court reporter's expenses as a result

of defendant's improper unilateral cancellation of the noticed depositions.  The court

reporter's invoice establishes that her bill for the proces verbal was $262.14.  This

amount is reasonable.  It was incurred as a result of defendant's non-appearance and is

recoverable.  As to the request for an award of reasonable attorneys fees, the lodestar

method is routinely used to determine such awards in federal civil actions, and I apply it in this case. Under the lodestar method,

> [t]he determination of a fees award is a two-step process. First the court calculates the "lodestar[,]" which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. The court should exclude all time that is excessive, duplicative, or inadequately documented. Once the lodestar amount is calculated, the court can adjust it based on the twelve factors set forth in Johnson v. Georgia Highway Express, Inc.,[1] 488 F.2d 714, 717-19 (5th Cir. 1974)[, abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989)].

Jimenez v. Wood Cnty., 621 F.3d 372, 379-80 (5th Cir. 2010) (citations omitted). "The lodestar may not be adjusted due to a Johnson factor, however, if the creation of the lodestar award already took that factor into account." Heidtman v. County of El Paso, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing City of Burlington v. Dague, 505 U.S. 557, 562 (1992); Shipes v. Trinity Indus., 987 F.2d 311, 319-20 (5th Cir. 1993)).

Applying the foregoing standards, I find that most of the time incurred by plaintiff's counsel is reasonably compensated. I exclude from the total 7.4 hours for which reimbursement is requested .7 hours spent on preparing the Rule 30(b)(2) request for production of documents in connection with defendant's corporate deposition,

---

[1]The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases. Johnson, 488 F.2d at 717-19.

because this work was necessarily performed and remains useful in connection with the rescheduled Rule 30(b)(6) deposition, despite the cancellation. Thus, I find that plaintiff is reasonably compensated for 6.7 hours of attorney time unnecessarily incurred as a result of defendant's actions.

Plaintiff's submissions contain no evidence of his counsel's ordinary hourly billing rate.  However, the court is aware from personal experience on the bench that plaintiff's counsel is an experienced personal injury litigator with 23 years of practice in that area, having been admitted to the Louisiana bar in 1991. I find that a rate of $250 per hour sought for work of this sort by a competent litigator with 23 years of experience in this kind of practice is well within the range of rates found to be reasonable in other decisions of this court. See Thompson v. Connick, 553 F.3d 836, 868 (5th Cir. 2008) (approving hourly rates of $202 to $312 for experienced attorneys as "at the upper range of what was reasonable in the" Eastern District of Louisiana from 2003 to 2007); Ranger Steel Servs., LP v. Orleans Materials & Equip., Co., No. 10-112, 2010 WL 3488236, at *1, *3 (E.D. La. Aug. 27, 2010) (Barbier, J.) (awarding the rates charged by New Orleans co-counsel of $360 in 2009 and $395 in 2010 for highly experienced partner's work); Braud v. Transp. Serv. Co., No. 05-1898, 2010 WL 3283398, at *15 (E.D. La. Aug. 17, 2010) (Knowles, M.J.) (hourly rate of $200 for attorney with 30 years of experience is "within the low end of the range of the market rate in this area and . . . reasonable"); Combe v. Life Ins. Co., No. 06-8909, 2008 WL 544547, at *3 (E.D. La. Feb. 27, 2008)

(Livaudais, J.) (awarding $250 per hour for attorneys who had practiced for more than 20 years in the relevant legal field).

Accordingly, **IT IS ORDERED** that, no later than **October 30, 2014**, defendant must pay plaintiff $1,675.00 in reasonable attorney's fees (6.7 hours multiplied by $250 per hour), plus $262.14 in court reporter's expenses, for a total of $1,937.74, to reimburse plaintiff for expenses incurred by reason of defendant's unauthorized cancellation of reasonably noticed depositions.

New Orleans, Louisiana, this _____16th_____ day of October, 2014.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

8