UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL RICHARDSON                                                    CIVIL ACTION

VERSUS                                                                         NO. 13-5415

BNSF RAILWAY COMPANY                                              SECTION "K"(2)

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Partial Summary Judgment on Liability. (Doc. 56). Plaintiff Michael Richardson contends that there are no genuine issues of material fact to prevent the Court from finding defendant BNSF Railway Company ("BNSF") liable as a matter of law. Having reviewed the pleadings, memoranda, deposition testimony and the relevant law, the Court finds no merit in the motion.

**Background**

Plaintiff Michael Richardson was employed by BNSF in its transportation department as a trainman and was assigned to work in Avondale, Louisiana. While working there, on July 9, 2013, Mr. Richardson was walking in the track-side area performing his trainman duties when he allegedly stepped in a hole and injured his back "and other parts of his body." (Doc. 1., Complaint at ¶ 6). Plaintiff seeks damages from BNSF under the provisions of the Federal Employers' Liability Act, 45 U.S.C. § 51. His claim for negligence *per se* has been dismissed, but the negligence claim remains.

**Standard for Motion for Summary Judgment**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact."  *Stults v. Conoco*, 76 F.3d 651 (5th Cir.1996),  citing  *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.), quoting  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986).   When the moving party has carried its burden under Rule 56, its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.   The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial."   *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986);  *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir.1995).

"A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' "  *Pylant v. Hartford Life and Accident Insurance* Company, 497 F.3d 536, 538 (5th Cir. 2007) quoting *Anderson  v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  Summary judgment evidence must be "viewed in the light most favorable to the nonmovant, with all factual inferences made in the nonmovant's favor."  *Bazan ex rel Bazan v. Hildago County*, 246 F.3d 481, 489 (5th Cir. 2001), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255, 106 S.Ct. at 2513.

> [C]onclusory statements, speculation, and unsubstantiated assertions cannot defeat a motion for summary judgment. The Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim.

*RSR Corporation v. International Insurance Company*, 612 F.3rd 851,857 (5th Cir. 2010).

**Analysis**

The FELA provides that "[e]very common carrier by railroad . . . shall be liable in damages to any person suffering injury while he is employed by such carrier. . . for such injury of death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence. . . " 45 U.S.C. §51. Thus, it provides the exclusive remedy for a railroad employee injured as a result of his employer's negligence. *Rivera v. Union Pacific Railroad Co.*, 378 F.3d 502, 506 (5th Cir. 2004).

In order to establish a claim under the FELA, a plaintiff must prove the traditional common law elements of a negligence action. Thus, plaintiff must demonstrate negligence on the part of the employer, causation and damages. *Kimball v. Union Pacific Railroad Co.*, 2003 WL 1797889, at *2 (E.D.La. April 3, 2003) citing *Seymore v. Illinois Central R.R. Co.*, 25 F.Supp.2d 734, 738 (S.D. Miss. 1997).   "The employer's duty to its employees under the FELA is to use reasonable care and prudence so that the work place and appliances furnished are reasonably suitable and safe for the purpose and in the circumstances in which they are to be used." *Id.*

In the case at bar, plaintiff maintains that the "hole" in which he tripped was so large and obvious that it constituted a "hazardous condition" that renders BNSF negligent. However, the

testimony upon which plaintiff relies demonstrates that there is a material question of fact as to whether this hole rendered the subject track to be unreasonably unsuitable and unsafe for the purpose and in the circumstances for which it was to be used.

The plaintiff described the hole as probably deeper than his ankle. (Dep. of Richardson, Doc. 56-4 at 6 of 10). Jeffrey Thurston, to whom plaintiff apparently reported the accident, stated that when he went out to find the "hole" or "depression" it took him 20 to 25 minutes to find it and that it appeared to be a simple depression, not a hole, in the ballast in an otherwise smooth area. He theorized that it was probably caused by a vehicle. "I observed a depression that just by its appearance looked as if like a tire from a vehicle had gotten there and made a depression. Whether it was from a limo or whatever, I don't have a clue, but it looked like a tire mark, is what it looked like." (Doc. 56-6 at 17-25, Dep of Reeder at 84). Nonetheless, he did describe it apparently as being 3-inches deep and 10 inches in diameter.

Interestingly, in plaintiff's handwritten report of the incident, he noted after reporting the circumstances of his fall, he wrote, "I did report to Foreman Leo Reeder about the hole, and limo driver Charles was driving down as I was getting up." Doc. 61-2 p. 35-37). Leo Reeder, another BNSF employee, testified that "[I]t wasn't deep. It wasn't something where I thought that I could lose my footing, personally." (Doc. 56-6 at 21 of 25, Dep. of Leo Reeder Jr. p. 93 ).

As such, there are material questions of fact concerning the hole or depression and whether it constitutes a condition such that BNSF can be held liable. Accordingly,

**IT IS ORDERED** Plaintiff's Motion for Partial Summary Judgment on Liability. (Doc. 56) is **DENIED**.

New Orleans, Louisiana, this 16th day of December, 2015.

_____
**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE** s