UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL RICHARDSON                                              CIVIL ACTION

VERSUS                                                                        NO. 13-5415

BNSF RAILWAY COMPANY                                         SECTION "K"(2)

### ORDER AND REASONS

Before the Court is BNSF Railway Company's Motion for Summary Judgment (Rec. Doc. 81). Defendant BNSF Railway Company ("BNSF") contends that the remaining negligence claim of plaintiff Michael Richardson is precluded as a matter of law because 49 C.F.R. §213.103 preempts FELA injury claims related to improper ballast or ballast maintenance. Having reviewed the pleadings, memoranda, exhibits and the relevant law, the Court finds no merit in this motion.

The facts of this case and the standard for summary judgment have been outlined in the Court's numerous rulings entered on previously filed motions for summary judgment. These orders are reiterated and incorporated herein by reference.

Plaintiff contends that he was injured when he fell into a "hole" along side of a track while performing his duties as an employee of BNSF. He has brought suit under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 contending that BNSF failed to provide plaintiff "a reasonably safe place to work; failed to provide a reasonably safe walking area; failed to provide reasonably safe footing conditions; failed to properly inspect, maintain, and repair; failed to follow and enforce proper safety procedures and rules; failed to warn; and failed to follow industry standards." (Rec. Doc. 1, Complaint, ¶8).

BNSF argues that the subject of track safety is covered by 49 C.F.R. §213 and that "a significant majority of courts addressing the issue have held that 49 C.F.R. §213.103[1] preempts FELA injury claims related to improper ballast or ballast maintenance. (Rec. Do. 81-1 at 3 of 7).[2]  For this proposition, BNSF relies on *Nickels v. Grand Trunk Wester RR*, 560 F.3d 426 (6th Cir. 2009).

In that case, plaintiffs brought suit alleging that the type of large ballast that was used underneath and adjacent to the tracks did not provide a safe working environment and that plaintiffs had sustained injuries by years of walking on such oversized track ballast.  Addressing this contention, the Sixth Circuit first succinctly set out the purposes and parameters of the FELA and the Federal Railway Safety Act ("FRSA"), 49 U.S.C. § 20101, *et seq.* (noting that both statutes were designed to promote railway safety) as follows:

> The FELA makes a railroad liable to its employees injured "by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment." 45 U.S.C. 51. The statute provides a "cause of action sounding in negligence [.] ... Absent express language to the contrary, the elements of a FELA claim are determined by reference to the common law.  *Norfolk S. Ry. Co. v. Sorrell,* 549 U.S. 158, 165–66, 127 S.Ct. 799, 166 L.Ed.2d 638 (2007).
>
> The FRSA's purpose is "to promote safety in every area of railroad operations and reduce railroad-related accidents and incidents." *Norfolk S. Ry. Co. v. Shanklin,* 529 U.S. 344, 347, 120 S.Ct. 1467, 146 L.Ed.2d 374 (2000) (quoting

---

[1]The regulation provides:
**§213.103  Ballast; general.**
Unless it is otherwise structurally supported, all track shall be supported by material which will–
(a) Transmit and distribute the load of the track and railroad rolling equipment to the subgrade;
(b) Restrain the track laterally, longitudinally, and vertically under dynamic loads imposed by railroad rolling equipment and thermal stress exerted by the rails;
(c) Provide adequate drainage for the track; and
(d) Maintain proper track crosslevel surface, and alinement.

[2]Having reviewed a substantial number of cases, the Court skeptical of defendant's description that "a significant number of courts" have found § 213.103 to preempt FELA cases is valid.  Moreover, the Sixth Circuit appears to be the only federal circuit court to have addressed the issue.

2

> 49 U.S.C. § 20101). The FRSA authorizes the Secretary of Transportation ("Secretary") to "prescribe regulations and issue orders for every area of railroad safety." *Id.* (quoting 49 U.S.C. § 20103(a)). Under the FRSA's express preemption provision, "[l]aws, regulations, and orders related to railroad safety ... shall be nationally uniform to the extent practicable." 49 U.S.C. § 20106(a)(1). "A State may adopt or continue in force a law, regulation, or order related to railroad safety ... until the Secretary of Transportation ... prescribes a regulation or issues an order covering the subject matter of the State requirement." 49 U.S.C. § 20106(a)(2). A state-law negligence action is "covered" and therefore preempted if a FRSA regulation "substantially subsume[s]" the subject matter of the suit. *CSX Transp., Inc. v. Easterwood,* 507 U.S. 658, 664, 113 S.Ct. 1732, 123 L.Ed.2d 387 (1993). This provision explicitly preempts only State laws, regulations, and orders; it does not mention other federal safety standards.

*Nickels*, 560 F.3d at 429.

The *Nickels* court found that the uniformity demanded by the FRSA "'can be achieved only if [federal rail safety regulations] are applied similarly to a FELA plaintiff's negligence claim and a non-railroad-employee plaintiff's state law negligence claim." *Id.* at 430. Based on that analysis, the court noted that "[u]nder the FRSA's preemption provision, a plaintiff can bring an action under state law unless the Secretary has prescribed a regulation or issued an order 'covering the subject matter of the State requirement.'" 49 U.S.C. §20106. *Id.* The court then found that § 213.103 determines what is a reasonable ballast composition and size for a particular track.

The Sixth Circuit reasoned:

> The gist of these claims is that the railroads used large mainline ballast in areas where smaller yard ballast would have sufficed–such as passing sidings, switch leads, and interior yard tracks. The regulation, however, makes no distinction between mainline and secondary track; it provides that "*all* track shall be supported by material" able to transmit and distribute track and equipment loads, restrain the track under dynamic loads and thermal stress, provide adequate drainage, and maintain proper track crosslevel, surface, and alinement. *Id.* (emphasis added). Rather than prescribing ballast sizes for certain types of classes of track, the regulation leaves the matter to the railroads' discretion so

>long as the ballast performs the enumerated support functions.  In this way, the
>regulation substantially subsumes the issue of ballast **size.**"

*Nickels*, 560 F.3d at 431.   Thus, the lynchpin of the preemption decision was that plaintiffs' claims focused on **the size of the ballast used** which the Sixth Circuit found subsumed by the regulation.

BNSF also relies on *Norris v. Central of Georgia R.R.*, 635 S.E.2d  179 (Ga. App. 2006) (claim based on allegation that railroad was negligent for not using smaller ballast rock preempted by FRSA need for national uniformity as to design standards); *Munns v. CSX Trasp., Inc.*, 2009 WL 805133 (N.D. Oh. 2009) (claim arising out of "unsuitable" ballast precluded by FRA); *Crabbe v. Consolidated Rail Corp*, 2007 WL 3227584 * (E.D. Mich. Nov. 1, 2007) (claim for work injury due to requirement that plaintiff walk on improper or oversized ballast precluded by FRSA; however, other claims were not dismissed); *Brenner v. Consolidated Rail Corp.*, 806 F.Supp.2d 786 (E.D.Pa. 2011) (railroad employee's claim for cumulative trauma to knees caused by negligence of railroad regarding the nature and size of ballast used for track support, stability and drainage were preempted).  All of these decisions pivot on the issue of ballast size.

It is here that the salient distinction must be drawn. The Court finds the *Nickels/Norris*[3] analysis unavailing in the context of this suit.  There are no allegations that BNSF was negligent because it used the particular size ballast involved; here, the negligence alleged centers on the fact that that there allegedly was a substantial hole in which the plaintiff tripped.  Thus, the Court is persuaded by the analysis found in *Dehan v. CSX Transp., Inc.*, 925 N.E.2d 442 (App. Indiana

---

[3]As the Court has found the *Nickels/Norris* analysis as inapplicable based on the factual allegations at issue herein, it will not rule on plaintiff's contention that FELA is neither precluded nor preempted based on an analysis of *Pom Wonderful LLC v. Coca-Cola Co.*, 134 S.Ct. 228 (2014).

2010) (claim by employee against railroad for failure to remove ballast improperly left on crossties not preempted as FRA regulation does not "cover" the subject of of the FELA claim).

In that instance the court reasoned:

> Subsection 213.103 does not mention worker safety or whether ballast should be allowed to remain on crossties; it is instead concerned with ensuring that the railroad's track is structurally sound. In light of FELA's humanitarian purpose, and the liberal construction given to effectuate this humanitarian purpose, we cannot say that [plaintiff's] FELA claim that CSX was negligent by leaving ballast on top of crossties is precluded by FRSA regulations governing ballast.

*Id*. at 450.  *See Jones v. BNSF Railway Co.*, 2012 WL 13692 (W.D. Wash. Jan. 4, 2012); *McCain v. CSX Transportation, Inc.,* 708 F.Supp. 2d 494 (E.D.Penn. April 23, 2010) (regulation does not preclude claims for negligence where ballast size is not alleged the sole cause of injury).

Moreover, the Court is unaware of any case decided in the Fifth Circuit where the preemptive reach of 49 C.F.R. §213.103 goes so far as to shield the railroad from failing to provide a reasonably suitable and safe work place.  Here the allegation is that there was a substantial hole (ten inches in diameter and 2 3/4 inches in depth) which caused plaintiff to twist, fall and injure his back; there is no allegation that BNSF used the wrong sized ballast which caused injury to plaintiff.  In addition, it is unclear to the Court precisely where this accident occurred and whether it was in an allegedly "non-regulated walkway" or in an area which performs a track-support function.  Accordingly,

**IT IS ORDERED** that BNSF Railway Company's Motion for Summary Judgment (Rec. Doc. 81) is **DENIED**.

New Orleans, Louisiana, this 17th day of December, 2015.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE** s