UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL RICHARDSON                                                          CIVIL ACTION

VERSUS                                                                             NO. 13-5415

BNSF RAILWAY COMPANY                                                  SECTION "K"(2)

### ORDER AND REASONS

Before the Court is Defendant's Motion to Compel or, Alternatively, for Leave of Court to Depose Plaintiff on Limited Issue of Return to Work and to Compel Supplemental Discovery Responses on Whether Plaintiff Has Had Recent Medical Treatment or Assessment (Doc. No. 131) and Plaintiff's Motion to Quash Defendant's Improperly and Unilaterally Noticed Second Deposition of Plaintiff and Motion for sanctions (Doc. No. 135). While these motions were initially noticed before the magistrate judge, the undersigned will rule directly thereon.

This highly contentious case was set for trial on January 26, 2015. However, defendant filed a motion to continue the trial specifically on the grounds that a functional capacity evaluation ("FCE") was required in order for there to be a proper assessment of plaintiff's ability to return to work and the capacity at which he may do so, which issues were allegedly highly contested. The case was continued.

In doing so, the Court ordered that the case would remain in the same posture with the motion cut-off dates remaining and specifically ordered that the only discovery that would be allowed would be with respect to plaintiff's ability to work and the capacity at which he may do

so. To that end a Functional Capacity Evaluation would be allowed and supplemental depositions as required **in light of that test** would also be allowed.

The Court then held a status conference on May 14, 2015, at which time counsel for defendant represented to the Court unequivocally that he did not intend to have an FCE performed. With that decision, clearly there would be no depositions since such depositions were to be had only "in light of" of FCE.

After a full discussion concerning the case, the Court with what it considered to be the approval of all counsel ordered that the only outstanding discovery to be completed would be for the parties to supplement their answers to previously filed discovery matters. It was understood that this would suffice for trial preparation.

Now, again on the eve of trial defendant seeks to depose plaintiff "on limited issue of return to work" and compel supplemental discovery responses on whether plaintiff has had recent medical treatment or assessment. The Court finds that the request for deposing plaintiff has been foreclosed by defendant's own actions. However, as the Court has previously ordered supplementation of responses to interrogatories, the Court shall order such supplementation to be completed by counsel no later than August 18, 2015.

Based on this history, the Court will grant plaintiff's Motion to Quash; however, it finds that sanctions are not appropriate. Accordingly,

**IT IS ORDERED** that Defendant's Motion to Compel or, Alternatively, for Leave of Court to Depose Plaintiff on Limited Issue of Return to Work and to Compel Supplemental Discovery Responses on Whether Plaintiff Has Had Recent Medical Treatment or Assessment

(Doc. No. 131) is **GRANTED** in so far as both parties shall supplement their responses to interrogatories **no later than August 18, 2015** and **DENIED** in all other aspects.

IT IS FURTHER ORDERED that Plaintiff's Motion to Quash Defendant's Improperly and Unilaterally Noticed Second Deposition of Plaintiff and Motion for Sanctions (Doc. No. 135) is **GRANTED** in so far as the notice of the deposition of Michael Richardson is **QUASHED**; however, is **DENIED** as the Court shall not levy sanctions.

New Orleans, Louisiana, this 5th day of August, 2015.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**

3