UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL RICHARDSON                                         CIVIL ACTION

VERSUS                                                          NO. 13-5415

BNSF RAILWAY COMPANY                                      SECTION "K"(2)

## ORDER

Before the Court is BNSF Railway Company's Renewed Motion in Limine to Exclude Testimony of Drs. Keith Mack and John Logan. (Doc. 140). Having reviewed the motion, memoranda and the relevant law, the Court DENIES the motion for the reasons that follow.

**Background**

Plaintiff Michael Richardson was employed by BNSF in its transportation department as a trainman and was assigned to work in Avondale, Louisiana. While working there, on July 9, 2013, Mr. Richardson was walking in the track-side area performing his trainman duties when he allegedly stepped in a hole and allegedly injured his back at the L5-S1 disc . Plaintiff seeks damages from BNSF under the provisions of the Federal Employers' Liability Act, 45 U.S.C. § 51. His claim for negligence *per se* has been dismissed, but the negligence claim remains.

Dr. Keith Mack and Dr. John Logan are plaintiff's treating physicians. Apparently, plaintiff failed to inform these physicians that he had been diagnosed with a lumbar strain and herniated disc in the exact same spine segment level in January 2009. At the time of the first injury, he was treated by a physician, given three epidurals and released to full-duty work by a doctor.

Because of his failure to tell his treating physicians of this fact in 2013, defendant seeks to exclude their testimony that the July 9, 2013 accident is the medical cause of plaintiff's injury because their opinions "lack any reliability" because of plaintiff's failure to disclose the prior injury at the time of treatment. Indeed, when these physicians learned about the prior injury during their respective depositions, they each opined that their diagnosis as to medical causation would not change given that he had been asymptomatic prior to the fall.

**Analysis**

"Trial courts have 'wide discretion' in deciding whether or not a particular witness qualifies as an expert under the Federal Rules of Evidence." *Hidden Oaks Limited v. City of Austin*, 138 F.3d 1036, 1050 (5th Cir.1998). Federal Rule of Evidence 702 governs the admissibility of expert testimony and in effects a codification of the United States Supreme Court's opinion in *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993) and *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167 (1999). *Daubert* charges trial courts to act as "gate-keepers" to ensure that the proffered expert testimony is both relevant and reliable. *Daubert*, 509 U.S. at 589, 592–93, 113 S.Ct. at 2795, 2796. The relevant and reliable standard announced in *Daubert* for scientific expert testimony applies to all types of expert testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. at 147, 119 S.Ct. at 1171.

*Daubert* provides a two-prong test for determining the admissibility of expert testimony. The court "must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Daubert*, 509 U.S. at 592, 113 S.Ct. at 2796. Both prongs of the

*Daubert* test must be satisfied before the proffered expert testimony may be admitted. *Id.* at 595, 113 S.Ct. at 2796. This analysis "entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id.*

Thus, the first prong of *Daubert* focuses on whether the expert testimony is based on a reliable methodology. In determining an expert's reliability, the Court's focus "must be solely on principles and methodology, not on the conclusions that they generate." *Id*. at 595, 113 S.Ct. at 2797. The second prong, i.e., whether the proposed testimony will assist the trier of fact to understand or determine a fact in issue, goes primarily to the issue of relevancy. *Daubert*, 509 U.S. at 591. Indeed, this examination is described in *Daubert* as whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute. *Id.*, citing *United States v. Downing*, 753 F.2d 1224, 1242 (3rd Cir.1985). Federal Rule of Evidence 401 defines "relevant evidence" as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

When expert testimony is challenged under *Daubert*, the burden of proof rests with the party seeking to present the testimony. *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269 (5th Cir.1998). To meet this burden, a party cannot simply rely on its expert's assurances that he has utilized generally accepted scientific methodology. Rather, some objective, independent validation of the expert's methodology is required. *Id*. Nonetheless, as Judge Vance stated in *Scordill v. Louisville Ladder Group, L.L.C.*, 2003 WL 22427981 at *3 (E.D.La. October 24, 2003):

> The Court notes that its role as a gatekeeper does not replace the traditional adversary system and the place of the jury within the system. *See Daubert*, 509 U.S. at 596. As the *Daubert* Court noted, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Id*. (citing *Rock v. Arkansas*, 483 U.S. 44, 61, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987)). The Fifth Circuit has added that, in determining the admissibility of expert testimony, a district court must defer to " 'the jury's role as the proper arbiter of disputes between conflicting opinions. As a general rule, questions relating to the bases and sources of an expert's opinion rather than its admissibility and should be left for the jury's consideration.' " *United States v. 14.38 Acres of Land, More or Less Sit. in Leflore County, Miss.*, 80 F.3d 1074, 1077 (5th Cir.1996) (quoting *Viterbo v. Dow Chemical Co.*, 826 F .2d 420, 422 (5th Cir.1987).

In the case at bar, defendant does not contend that Drs. Mack and Logan are not competent to opine as experts.  Rather defendant contends in essence that their findings as to causation were so contaminated by plaintiff's failure to tell them of his previous injury, that their opinions should be stricken in toto.  This argument verges on the ludicrous.  The doctors were specifically asked in their depositions about the effect of this information as to their determination concerning medical causation and each opined that their opinion would not change and gave cogent reasons for their conclusions.

As stated by Judge Fallon in *Tripkovich v. Ramirez*, 2015 WL 3849392, *3 (E.D.La. June 22, 2015):

> "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *Viterbo*, 826 F.2d at 422 (citing *Dixon v. International Harvester Co.,* 754 F.2d 573, 580 (5th Cir.1985)). Further, a doctor's expert testimony "should not [be] excluded under *Daubert* solely on the ground that his causation diagnosis was based only on his patient's self-reported history." *Cooper v. Carl A. Nelson & Co.*, 211 F.3d 1008, 1021 (7th Cir.2000).

Thus, the opinions of plaintiff's treating physicians shall be admissible.  It will be up to the jury to decide what weight it will give to this testimony.  Accordingly,

4

**IT IS ORDERED** that BNSF Railway Company's Renewed Motion in Limine to Exclude Testimony of Drs. Keith Mack and John Logan. (Doc. 140) is **DENIED.**

New Orleans, Louisiana, this 5th day of August, 2015.

                                         **STANWOOD R. DUVAL, JR.**
                              **UNITED STATES DISTRICT COURT JUDGE** s